# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:

    SCOTTY DWIGHT BOATMAN    Case No.: 3:19-bk-33027-SHB
    Debtor    Chapter 13
    Judge Suzanne H. Bauknight

## MOTION OF THE CITY OF KNOXVILLE AND KNOX COUNTY TO DISMISS

> Notice is hereby given:
>
> A hearing will be held on the foregoing motion on October 2, 2019 at 9:00 a.m. in Courtroom 1-C, First Floor, Howard H. Baker, Jr. United States Courthouse, 800 Market Street, Knoxville Tennessee 37902.
>
> Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have on in this bankruptcy case. If you do not have an attorney, you may wish to consult an attorney.
>
> If you do not want the court to grant the relief requested, your or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the City of Knoxville's Motion to Dismiss and may enter an order granting that relief

Comes the creditors, the City of Knoxville, Tennessee and Knox County, Tennessee, ("Creditors") by and through counsel, and moves this court to dismiss the case at bar pursuant to 11 U.S.C. §1307 (c)(1) and (2). In support of their motion to dismiss, the City of Knoxville, Tennessee and Knox County, Tennessee state as follows:

    A. 11 U.S.C. §1307 (c) states: (c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case

under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including--

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees and charges required under chapter 123 of title 28;

B. With regard to 11 U.S.C. §1307 (c)(1):

   a. When the Creditors conduct a tax sale auction, they must align the schedules of all participating Knox County Trustee, Knox County Law Department, City of Knoxville Finance Department, City of Knoxville Law Department, and Clerk and Master officers and employees on a day the Large Assembly Room of the City-County Building is available. In addition, the sale must be advertised in the newspaper at a cost of approximately $200 per property. (See the affidavit of Robin Benton, attached and labelled Exhibit A.) When Debtor files his bankruptcy petition and invokes the automatic stay it wastes the staff time of a lot of people and wastes significant amounts of taxes.

   b. When Debtor filed his first bankruptcy on September 14, 2015, (one day before the tax sale) it took a year for the Creditors to get back to a point where they could conduct another tax sale. When they attempted to conduct that sale on August 1, 2016, Debtor's spouse filed a petition for bankruptcy and blocked the tax sale with the automatic stay with a filing that very day. Three years later, Creditors have attempted to

conduct another sale of Debtor's property, only to have it blocked again by Debtor. After Debtor's first bankruptcy, the Tennessee Legislature passed Tenn. Code Ann. §67-5-2502(f), which gave Creditors the authority to post-pone a tax sale one time without having to re-publish the sale. On Tuesday, September 17, 2019, the Clerk and Master announced that the sale of the properties listed below were pulled from the sale on that day, but would be sold on November 1, 2019 at 10:00 a.m. if the U.S. Bankruptcy Court dismissed Debtor's case or if relief was granted.

    c. This is Debtor's second petition for a Chapter 13 bankruptcy and therefore Debtor is familiar with the requirements for filing a Chapter 13 Petition. Still, Debtor chose to wait until the day of the sale rather than filing early enough to determine whether he could file a viable Chapter 13 case prior to the tax sale. This exposes his intention to unreasonably delay and prejudice the Creditors. Debtor should be barred from refiling any petition under Title 11 of the United States Code for a period of 180 days from the date of entry of the order dismissing his case.

C. With regard to 11 U.S.C. §1307 (c)(2): 28 U.S.C.A. §1930 (Title 28, Part V., Chapter 123) requires a petitioner to pay a filing fee as does to Federal Rule of Bankruptcy Procedure 1006. Debtor filed the petition at bar without paying any filing fees. Debtor filed his prior bankruptcy case (3:15-bk-32766-SHB) without paying any filing fees. This court ordered Debtor to pay $310 to the

court clerk within 10 days of the entry of the order. To date, Debtor has been in violation of the order. In addition, Debtor's prior filing fee was not waived pursuant to Federal Rule of Bankruptcy Procedure 1006(c). For this reason, the case at bar should be dismissed for "nonpayment of any fees and charges required under chapter 123 of title 28."

**WHEREFORE**, movant prays for the entry of an order dismissing Debtor's case and barring debtor from refiling any petition under Title 11 of the United States Code for a period of 180 days from the date of entry of the order.

This 19th day of September 2019.

| | |
|---|---|
| DANIEL A. SANDERS (BPR# 027514) | DOUGLAS GORDON (BPR#019400) |
| Deputy Law Director | Delinquent Tax Attorney |
| Counsel for Knox County, Tennessee | Counsel for the City of Knoxville |
| P.O. Box 70 | P.O. Box 1631 |
| Knoxville, Tennessee 37901 | Knoxville, Tennessee 37901 |
| (865) 215-2305 | (865) 215-2050 |

# CERTIFICATE OF SERVICE

The undersigned hereby certified that a true and exact copy of the Motion of the City of Knoxville and Knox County to Dismiss was served upon the following either by electronic filing system and/or by first class United States mail postage prepaid on this the 19th day of September, 2019.

Kristi Lynn Burchell (U.S. Mail)
2915 LaVillas Drive, Unit 707
Knoxville, TN 37917

Scotty Dwight Boatman (U.S. Mail)
5201 Shady Dell Trail
Knoxville, TN 37914

R. Deno Cole (ECF & U.S. Mail)
McGehee, Cole, Guindi & Walling, PC
P. O. Box 57
Knoxville, TN 37901

Sanders, Esq.(U.S. Mail) Deputy
Law Director
Attorney for the Knox County Trustee
Office of the Knox County Law Director
400 Main Street, Suite 612
Knoxville, Tennessee 37902-2405

Comcast (U.S. Mail)
5720 Asheville Highway
Knoxville, TN 37924

Convergent Outsourcing (U.S. Mail)
800 SW 39th Street
Renton, WA 98057

First Tennessee Bank (U.S. Mail)
PO BOX 1545
Memphis, TN 38101

Robert J. Solomon (ECF & U.S. Mail)
Solomon Baggett, LLC
Attorney for First Tennessee Bank NA
3763 Rogers Bridge Road
Duluth, GA 30097

Gwendolyn M Kerney (ECF & U.S. Mail)
Chapter 13 Trustee
P. O. Box 228
Knoxville, TN 37901

Knox County General Sessions Court (Mail)
(Docket#: 75061G, 95905G, 89873G, 61989G
P.O. Box 2404
Knoxville, TN 37901-2404

United States Trustee (ECF & U.S. Mail)
800 Market Street, Suite 114
Howard H. Baker Jr. U.S. Courthouse
Knoxville, TN 37902

Tiffany A. Diiorio (ECF & Mail)
United States Trustee
800 Market St
Suite 114
Knoxville, TN 37902

All Creditors on attached Creditor Matrix
(U.S. Mail)

/s/ Douglas Gordon

Douglas Gordon, #019400
Attorney for the City of Knoxville
P.O. Box 1631
Knoxville, Tennessee 37901
(865) 215-2050
dgordon@knoxvilletn.gov