IN THE UNITED STATES BANKRUPTCY
COURT FOR THE EASTERN DISTRICT OF
TENNESSEE

IN RE:

SCOTTY DWIGHT BOATMAN     Case No.: 3:19-bk-33027-SHB
          Debtor                             Chapter 13
                                             Judge Suzanne H. Bauknight

## MOTION OF THE CITY OF KNOXVILLE AND KNOX COUNTY
## FOR RELIEF FROM THE AUTOMATIC STAY

Notice is hereby given:

A hearing will be held on the foregoing motion on October 2, 2019 at 9:00 a.m. in Courtroom 1-C, First Floor, Howard H. Baker, Jr. United States Courthouse, 800 Market Street, Knoxville Tennessee 37902.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have on in this bankruptcy case. If you do not have an attorney, you may wish to consult an attorney.

If you do not want the court to grant the relief requested, your or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the City of Knoxville's Motion to Dismiss and may enter an order granting that relief

Comes the creditors, the City of Knoxville, Tennessee and Knox County, Tennessee, ("Creditors") by and through counsel, and moves this court pursuant to 11 U.S.C. §362(d)(4) for relief from the automatic stay and the co-debtor stay for a period of one hundred and eighty days to sell the properties listed below at auction on November 1st, 2019 at 10:00 a.m. In support of their motion for relief from the automatic stay, the City of Knoxville, Tennessee and Knox County, Tennessee state as follows:

A. This motion concerns the following properties (the "Properties"):

    a. According to the records of the Knox County Register of Deeds, the following properties are owned jointly by Debtor and Kristi Boatman, aka Kristi Burchell.

        i. 5100 Wyndcroft Lane, parcel ID no. 083CB001

        ii. 5201 Shady Dell Trail, parcel ID no. 071NE035

        iii. 5206 East Sunset, parcel ID no. 071NE003

        iv. 4728 Holston Drive, parcel ID no. 071OA017

        v. 0 Holston Drive, parcel ID no. 071OA014

        vi. 5111 Asheville Highway, parcel ID no. 071JE031

        vii. 5004 McIntyre Road, parcel ID no. 071AJ010

        viii. 0 McIntyre Road, parcel ID no. 071AJ011

        ix. 2328 Lawson Avenue, parcel ID no. 082AB016

        x. 4371 River Landing, parcel ID no. 083-01708

    A copy of each of the deeds except for 5201 Shady Dell Trail (071NE003) is attached and labelled Exhibit A.

    b. The property located at 5111 Asheville Highway (071JE031) is owned by Kristi Boatman but Debtor may have a marital interest in it.

    c. The Property located at 5201 Shady Dell Trail (071NE003) is apparently owned by Debtor and Kristi Boatman although they never filed their deed in the office of the Knox County Register of Deeds.

    d. The Creditors assert a security interest imposed on all of the real properties listed in subsection 'a' of this paragraph. The security

interest is the lien for real property taxes automatically created, perfected, and of priority to all of the liens pursuant to Tenn. Code Ann. §67-5-2101 et. seq. See attached Exhibit B.

B. Unpaid Balance:

    a. There is currently an unpaid balance of real property taxes owed to the City of Knoxville for all of the properties listed above in the total amount of $82,879.92. This amount will increase on the first day of each future month due to the accrual of interest on the base tax. A statement of the unpaid balance of the creditor's claim for delinquent real property taxes owed to City of Knoxville is included in the Affidavit of Roberta Painter, which is attached and labelled Exhibit C, and is incorporated herein.

    b. There is currently an unpaid balance of real property taxes owed to Knox County for all of the properties listed above in the total amount of $95,673.10. This amount will increase on the first day of each future month due to the accrual of interest on the base tax. A statement of the unpaid balance of the creditor's claim for delinquent real property taxes owed to Knox County is included in the Affidavit of Linda McGinnis, which is attached and labelled Exhibit D, and is incorporated herein.

C. Filing History:

    a. Debtor filed Chapter 13 case 3:15-bk-32766-SHB on September 14, 2015.

        i. The tax sale was set to sell Debtor's properties on September 15, 2015, but the Creditors in the motion at bar withdrew Debtor's properties from the tax sale as required by the automatic stay.

        ii. Debtor filed a motion to dismiss his own bankruptcy on September 22, 2019 because "Subsequently, after meeting with counsel to prepare the schedules and Chapter 13 Plan, the undersigned counsel determined that Debtor's self-employment income is not sufficient to be able to make the requisite Chapter 13 Plan payments to remain in a viable case."

        iii. On September 24, 2015, this court ordered "The motion is granted. Debtor shall, within 10 days, pay the $310 filing fee required at the commencement of the case." As of the filing of this motion, Debtor has still not paid the $310 filing fee and is in violation of the order of September 24, 2015. The order is attached and labelled Exhibit E. The filing fee statement is attached and labelled Exhibit F.

        iv. Following this dismissal, Debtor did not has not paid any real property taxes on the Properties.

b. Debtor's spouse or co-property owner Kristy Boatman, aka Kristi Burchell, ("Burchell") filed Chapter 13 case 3:16-bk-32287-SHB on August 1, 2016.

    i. The next tax sale (which was less than one year from the filing of the Debtor's petition) was set to sell Debtor's properties on August 1, 2016, but the Creditors in the motion at bar withdrew Debtor's properties from the tax sale as required by the automatic stay.

    ii. Burchell's case was converted from a Chapter 13 to a Chapter 7 on November 17, 2016, and she received a discharge on March 8, 2017.

    iii. Burchell has also not paid any real property taxes since filing her petition for bankruptcy. The order of discharge is attached and labelled Exhibit G.

c. Debtor filed Chapter 13 case 3:19-bk-33027-SHB (the case at bar) on September 17, 2019.

    i. The tax sale was set sell Debtor's properties on September 17, 2019, but the Creditors in the motion at bar withdrew Debtor's properties from the tax sale as required by the automatic stay.

    ii. Just like Debtor's previous Chapter 13, Debtor did not pay a filing fee and Debtor did not file schedules when he filed his bankruptcy petition.

D. Basis for the relief sought:

    a. 11 U.S.C. §362(d)(4)(B) states "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-- with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either-- multiple bankruptcy filings affecting such real property."

    b. Creditors allege that Debtor and Burchell have taken a tag-team approach to filing bankruptcies **in a scheme to delay and hinder Creditors by filing multiple filings to avoid paying their real property taxes and to avoid the consequences of not paying their real property taxes.** The second relevant tax was scheduled less than one year after Debtor's first bankruptcy, and therefore he probably would have had difficulty defending against a motion for relief from the automatic stay or a motion to dismiss a new bankruptcy. So, instead of Debtor filing a petition, Burchell filed her petition for bankruptcy, which covered the same property. Now that it has been only a little over two years since Burchell received a discharge from the Chapter 7 bankruptcy, Burchell would have a difficult time defending against a motion to dismiss due to the fact that she would be

barred from receiving a discharge per 11 U.S.C.A §727(a)(8) or 11 U.S.C.A. §1328(f)(1). So, Debtor has again filed a bare-bones, 11th hour, no-fee, petition for a Chapter 13.

c. The Creditors in this motion were created to improve the lives of the people who live or work within their borders, and are committed to the principal that the U.S. Bankruptcy laws and the U.S. Bankruptcy courts were created to give citizens the opportunity to re-start their financial lives by benefiting from a discharge order and the injunctions it imposes, but Debtor appears to be using the bankruptcy laws and courts in order to hinder and delay, rather than to address his debts in the orderly manner that bankruptcy laws make available.

d. Knox County spent approximately $1,800 to advertise the sale of Debtor's properties for delinquent taxes. In addition, the schedules of the Knox County Trustee and support staff of the Knox County Trustee, the schedule of the Knox County Clerk and Master and support staff of the Knox County Clerk and Master, as well as the availability of the Large Assembly Room of the City County Building had to align. Marshalling the resources and personnel necessary to hold a tax sale is a difficult and costly endeavor, and therefore an expedited hearing to determine whether Debtor's case should be dismissed could spare Knox County from having wasted staff time and resources.

E.  Co-Debtro Stay

    a.  Creditors also move for relief from the co-debtor stay imposed by 11 U.S.C. 1301 pursuant to 11 U.S.C. 1301(c)(3) which states: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that--such creditor's interest would be irreparably harmed by continuation of such stay.

    b.  Creditors state that they would be irreparably harmed by if the stay is lifted as to the Debtor while also not lifted as to the Co-Debtor, Burchell, because they would not be able to conduct the auction as planned, would incur addition expenses, would lose additional staff time, and would increase tax delinquencies that would become the minimum bid for the properties to be auctioned.

###

**WHEREFORE**, movants prays for

A. the entry of an order that grants relief from the automatic stay and the co-debtor stay for the properties listed above;

B. that the order for relief can be filed in the office of the Knox County Register of Deeds and that will remain in effect for one hundred and eighty days following the entry of the order;

C. that the Knox County Clerk and Master shall hold all excess funds in trust and shall disburse them by order of the Chancery Court until such time as the funds escheat to the State of Tennessee if held for the time required to escheat to the state as required by state law; and

D. that the fourteen (14) day stay period provided for in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure be waived.

This 19th day of September, 2019.

DANIEL A. SANDERS (BPR# 027514)
Deputy Law Director
Counsel for Knox County, Tennessee
P.O. Box 70
Knoxville, Tennessee 37901
(865) 215-2305

DOUGLAS GORDON (BPR#019400)
Delinquent Tax Attorney
Counsel for the City of Knoxville
P.O. Box 1631
Knoxville, Tennessee 37901
(865) 215-2050

## CERTIFICATE OF SERVICE

The undersigned hereby certified that a true and exact copy of the Motion of the City of Knoxville and Knox County for Relief from the Automatic Stay, Copies of the Attachments and the Proposed Order Granting Relief from the Automatic Stay were served upon the following either by electronic filing system and/or by first class United States mail postage prepaid on this the 19th day of September, 2019.

Kristi Lynn Burchell (U.S. Mail)
2915 LaVillas Drive, Unit 707
Knoxville, TN 37917

Scotty Dwight Boatman (U.S. Mail)
5201 Shady Dell Trail
Knoxville, TN 37914

R. Deno Cole (ECF & U.S. Mail)
McGehee, Cole, Guindi & Walling,PC
P. O. Box 57
Knoxville, TN 37901

Sanders, Esq.(U.S. Mail) Deputy
Law Director
Attorney for the Knox County Trustee
Office of the Knox County Law Director
400 Main Street, Suite 612
Knoxville, Tennessee 37902-2405

Comcast (U.S. Mail)
5720 Asheville Highway
Knoxville, TN 37924

Convergent Outsourcing (U.S. Mail)
800 SW 39th Street
Renton, WA 98057

First Tennessee Bank (U.S. Mail)
PO BOX 1545
Memphis, TN 38101

Robert J. Solomon (ECF & U.S. Mail)
Solomon Baggett, LLC
Attorney for First Tennessee Bank NA
3763 Rogers Bridge Road
Duluth, GA 30097

Gwendolyn M Kerney (ECF & U.S. Mail)
Chapter 13 Trustee
P. O. Box 228
Knoxville, TN 37901

Knox County General Sessions Court (Mail)
(Docket#: 75061G, 95905G, 89873G, 61989G
P.O. Box 2404
Knoxville, TN 37901-2404

United States Trustee (ECF & U.S. Mail)
800 Market Street, Suite 114
Howard H. Baker Jr. U.S. Courthouse
Knoxville, TN 37902

Tiffany A. Diiorio (ECF & Mail)
United States Trustee
800 Market St
Suite 114
Knoxville, TN 37902

All Creditors on attached Creditor Matrix
(U.S. Mail)

Douglas Gordon, #019400
Attorney for the City of Knoxville
P.O. Box 1631
Knoxville, Tennessee 37901
(865) 215-2050
dgordon@knoxvilletn.gov